UNITED STATES of America

v.

MARTINEZ, Julio.

Appeal of Julio MARTINEZ.

No. 85–5440.

United States Court of Appeals,
Third Circuit.

Argued Feb. 14, 1986.

Decided March 10, 1986.

Rehearing and Rehearing In Banc
Denied April 3, 1986.

As Amended April 24, 1986.

Jeffrey M. Miller (argued), Nasuti & Miller, Philadelphia, Pa., for appellant.

Michael V. Gilberti (argued), Asst. U.S. Atty., Thomas W. Greelish, U.S. Atty., Donald J. Fay, Chief, Appeals Div., Newark, N.J., for the U.S.

Before ADAMS, HUNTER, Circuit Judges, and GILES,* District Judge

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Julio Martinez entered a plea of guilty to a violation of 21 U.S.C. § 848 (1982). He appeals from the district court's denial of his motion to withdraw that plea under Federal Rule of Criminal Procedure 32(d). Because we hold that the district court did not abuse its discretion in denying Martinez's withdrawal motion, we will affirm.

### I.

On June 24, 1984, a federal grand jury returned an indictment against Martinez and others, charging them with numerous federal drug offenses. At an arraignment on June 29, 1985, Martinez pleaded not guilty before Judge John Bissell of the United States District Court for the District of New Jersey. The grand jury returned a superseding indictment on October 27, 1984, which charged Martinez with eleven separate counts of violating federal laws, including acting as the organizer, supervisor, and manager of a continuing criminal enterprise. Between that date and the scheduled trial date of January 14, 1985, all of the other defendants pleaded guilty. On January 14, Martinez himself retracted his plea of not guilty and pleaded guilty. At the time of Martinez's plea, Judge Bissell conducted a proceeding pursuant to Federal Rule of Criminal Procedure 11 and ascertained that the guilty plea

---

* Honorable James T. Giles, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

was made voluntarily and had a factual basis. Nevertheless, three months later in April 1985, Martinez filed a motion to withdraw his guilty plea. The court conducted a hearing on that motion on June 10 and 11, 1985, denied the motion, and sentenced Martinez to a twenty-year prison term.

Martinez's basis for withdrawing his plea stems primarily from a meeting on January 11, 1985 in which two Assistant United States Attorneys, a Drug Enforcement Administration ("DEA") employee, and an interpreter spoke with Martinez without the presence of Martinez's lawyer, Salvatore Alosco.[1] The meeting took place while Martinez and the federal authorities were waiting for Alosco to appear for a scheduled meeting at which Martinez and Alosco were to examine evidence to be offered at trial. Alosco had called to say that he would be late and requested that the authorities not speak with Martinez. Instead of honoring Alosco's request, the authorities conversed with Martinez through an interpreter. During this conversation, one Assistant United States Attorney outlined the procedures that were to take place at the delayed meeting, including the possibility of discussing whether Martinez would change his plea and agree to cooperate with the government. In response to this question, Martinez said that he could not cooperate. The Assistant United States Attorney then assured him that protection could be provided for him and his family; Martinez responded that his refusal to cooperate was a matter of his principles. At this point, the other Assistant United States Attorney questioned whether Martinez was Catholic, learned that he was, and stated that Martinez would not violate any Catholic principles by cooperating and revealing information about other criminals. Finally, one Assistant United States Attorney told Martinez that

testifying truthfully would not make him a "Judas."

When Alosco arrived for the meeting, an Assistant United States Attorney informed him of the earlier conversation with Martinez. In addition, the government officials discussed with Alosco and Martinez the possibility that they might accept a guilty plea without cooperation. This possibility was explored in depth again at a meeting with Martinez, Alosco, two Assistant United States Attorneys, and an interpreter on January 13. At this January 13 meeting, the government promised to recommend a 20-year maximum sentence on the continuing criminal enterprise charge under 21 U.S.C. § 848 (1982). This promise as well as a promise to move to dismiss the remaining counts against Martinez was contained in a plea agreement and carried out at the Rule 11 proceeding on January 14.

## II.

Federal Rule of Criminal Procedure 32(d) provides, in pertinent part: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." We have consistently recognized that a criminal defendant has no absolute right to withdraw a guilty plea under Rule 32(d) and that a trial court's determination on a motion under the Rule will be disturbed only if the court has abused its discretion. *See, e.g., United States v. Trott,* 779 F.2d 912, 915 (3d Cir.1985); *Government of the Virgin Islands v. Berry,* 631 F.2d 214, 219–20 (3d Cir.1980).

## A.

In this appeal, Martinez makes several arguments in support of his contention that

---

1. We adopt the district court's findings of fact concerning Martinez's reasons for requesting withdrawal of his guilty plea because we cannot say that the findings are clearly erroneous. *See, e.g., Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102 (3d Cir.1981). Accordingly, we reject those statements made by Martinez that the district court determined were "exaggerated and fabricated." *See Government of the*

*Virgin Islands v. Berry,* 631 F.2d 214, 220 (3d Cir.1980) ("'[t]he good faith, credibility and weight of a defendant's assertions ... in support of a motion under Rule 32(d) are preeminently issues for the hearing Court to decide.'") (quoting *United States v. Washington,* 341 F.2d 277, 281 (3d Cir.), *cert. denied,* 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965)).

the district court abused its discretion in denying his motion to withdraw his guilty plea. First, he asserts that the government's conduct at the January 11 meeting constituted an intentional violation of his sixth amendment right to counsel and therefore constituted a *per se* justification for withdrawal of his guilty plea. Martinez premises this assertion solely on our decision in *United States v. Morrison*, 602 F.2d 529 (3d Cir.1979), *rev'd in part*, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). Because we conclude that the facts of *Morrison* are readily distinguishable from the facts at hand, we reject Martinez's argument.

In *Morrison*, two DEA agents visited the defendant's home without the knowledge and permission of her attorney. At that time, they questioned Morrison about the source of her narcotics prior to her arrest, suggested that she was facing a "stiff" jail term, stated that they could make recommendations to the prosecutor about the length of her sentence, and explained the government's witness protection program. 602 F.2d at 530–31. After asking about her fee arrangement with her attorney, they also criticized her lawyer and urged her to obtain the services of a public defender. *Id.* at 531. One agent visited Morrison again the next day and and repeated the statements he made during his earlier visit. *Id.* On the basis of this government conduct, this court held that Morrison's sixth amendment rights had been violated and remanded the case to the district court for dismissal of Morrison's indictment with prejudice. *Id.* The United States Supreme Court reversed only on the issue of the relief granted by this Court, holding that the dismissal of Morrison's indictment was inappropriate.

■ Martinez argues that since he is not asking for the extraordinary relief of dismissal of the charges against him, *Morrison* stands as authority for allowing him to withdraw his guilty plea, thereby deterring government misconduct. We observe, however, that the basis of the *Morrison* court's decision to provide relief was its finding that the government "attacked the dedication and competence of ... [Morrison's] lawyer and attempted to raise doubts in her mind about his effectiveness." *Id.* at 533. Additionally, the *Morrison* court found, the government officials "represented themselves as having influence with the prosecution as a means of coercing defendant into abandoning her counsel and her defense." *Id.* In the present case, such interference with Martinez's relationship with his attorney did not occur. The brief conversation between Martinez and the government officials made no reference to the facts of Martinez's case, the potential sentence he may have received, or the abilities of his attorney. We therefore conclude that our decision in *Morrison* did not compel the district court to allow Martinez to withdraw his plea.

### B.

■ In evaluating a motion under Rule 32(d), we have looked primarily to three factors: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *Trott*, 779 F.2d at 915; *see also Berry*, 631 F.2d at 220; *United States v. Crowley*, 529 F.2d 1066, 1071–72 (3d Cir.), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976). The three factors provide guideposts in evaluating whether a district court abused its discretion in determining whether a criminal defendant has asserted a "fair and just" reason for withdrawal of a plea of guilty or nolo contendere. *See Trott*, 779 F.2d at 915; *Berry*, 631 F.2d at 219–20. The remainder of Martinez's arguments in this appeal center around these factors.

Martinez's principal reasons for moving to withdraw are that the government attempted to influence his decision to cooperate without the assistance of his counsel at the January 11 meeting and that he did not comprehend the offense to which he pleaded guilty. With regard to the first reason, we agree that the government's conduct on January 11 was improper. Nevertheless, Martinez has failed to make a credible

showing that the government's conduct had any effect on his decision to plead guilty. After reviewing the record, we cannot say that the district court erred in concluding that the government's conduct on January 11 neither overbore Martinez's will nor influenced the voluntariness of subsequent acts he made.

■ Martinez's second reason for withdrawal of his plea is also unpersuasive. In arguing that he did not knowingly plead guilty to 21 U.S.C. § 848, Martinez emphasizes his statements before, during, and after his change of plea that he was not "the manager of anything." Martinez acknowledges that these statements are not a denial of his involvement in drug dealing. Nevertheless, he contends, the statements reveal that he never knowingly admitted occupying the position of an organizer, supervisor, or manager of at least five persons in a continuing criminal enterprise, elements of the offense defined in section 848.[2] We dismiss this contention because Martinez's responses during the Rule 11 colloquy on January 14, taken as whole, provide a basis for concluding that Martinez knowingly admitted the degree of guilt to which he pleaded.[3] Moreover, we find further support for this conclusion in the district court's observation that Martinez's demeanor during the proceeding demonstrated that he fully understood and considered the plea bargain. *See Trott,* 779 F.2d at 915. Accordingly, we hold that Martinez has not provided a valid reason for withdrawing his plea.

Martinez also does not offer a compelling argument on the "assertion of innocence" factor for evaluating Rule 32(d) motions. In fact, he relies exclusively on his statements that he was not "the manager of anything." As discussed above, these statements lose much of their force in light of the totality of what Martinez has admitted. *See Trott,* 779 F.2d at 915; *Berry,* 631 F.2d at 220.

■ Martinez bases his final argument on the last factor we look to in evaluating a Rule 32(d) motion: prejudice to the government. Specifically, he argues that even if we are unpersuaded by his other arguments, we should hold that the district court abused its discretion in denying his motion because the government has failed to demonstrate that it would be prejudiced by withdrawal of his plea. In making this argument, Martinez urges us to adopt the position of a minority of the courts of appeals that absent any showing of prejudice to the government, withdrawal should be freely granted. *See generally United States v. Thompson,* 680 F.2d 1145, 1150–51 (7th Cir.), *cert. denied,* 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982). We are constrained, however, to reject this po-

---

**2.** Section 848 provides in pertinent part, as follows:

For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—
(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
(B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(b) (1982).

**3.** Specifically, Martinez recited a statement that provided as follows:

One. In the spring of 1982 Martza Cortez received from me one pound of cocaine on two occasions, which I knew was for sale to others.

Two. In 1983 and '84 Jairo Cortez received cocaine from me which I knew was for sale to others.

Three. In late December 1983 I sent Alonso Corrales to Chicago to deliver two kilograms of cocaine to Manny D'Allesandro.

Four. In April 1984 I sent Daycie Veloza-Pedragon and Fernando Echeverri to travel to the New Jersey Turnpike to assist an individual who was delivering cocaine to me.

In addition, I supplied cocaine to other persons, some of whom are included in my blue notebook, found by the police in my apartment, which contains an account of my cocaine transactions with others. This book was a running account of my cocaine sales. From these activities I received considerable sums of money.

Appendix at 79.

sition as contrary to the 1983 amendments to Rule 32(d). The Advisory Committee Notes to the 1983 amendments state that amended Rule 32(d) embodies the approach of *United States v. Saft,* 558 F.2d 1073 (2d Cir.1977). Under that approach, "[t]he Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a plea." *Id.* at 1083. Thus, even assuming that the government has failed to show prejudice, we must affirm the district court's decision because Martinez has failed to demonstrate sufficient grounds for withdrawing his plea.

### III.

For the foregoing reasons, we will affirm the judgment of the district court.