

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2002

# USA v. Ford

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Ford" (2002). *2002 Decisions.* Paper 342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-1101

UNITED STATES OF AMERICA

v.

TYRIS FORD a/k/a CHARLES FORD

Tyris Ford,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 98-cr-00465-2
District Judge: Hon. Robert F. Kelly

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2002

Before: McKee, Stapleton & Wallace, Circuit Judges

OPINION OF THE COURT
(Filed:   June 10, 2002)

McKEE, Circuit Judge.

Defendant appeals the district court's denial of a motion to withdraw a guilty plea that the defendant made two years after he had been sentenced. For the reasons that follow, we will affirm.

Inasmuch as we write only for the parties who are familiar with the facts of the instant appeal, we will not reiterate the factual background except as may be helpful to our brief discussion.

The defendant pled guilty to counts 1, 5 and 6 of an indictment charging him with conspiracy to distribute more than 50 grams of cocaine base in the form of "crack" cocaine, possession of more than 50 grams of cocaine base with intent to distribute, and carrying a firearm during a drug trafficking crime. His plea was entered pursuant to a written plea agreement wherein he stipulated that the cocaine base involved in the offense was "crack", and that he and his co-conspirators possessed 72.5 grams of a mixture containing a detectable amount of cocaine base in furtherance of a criminal conspiracy. He further stipulated that the amount of crack they possessed was reasonably foreseeable, in that his guideline range should be calculated based upon "crack" cocaine, and that his codefendant carried a firearm in connection with the drug trafficking conspiracy.

Ford's plea was accepted, and he was thereafter sentenced to 300 months of incarceration and 10 years of supervised release. Almost two years later to the day, on January 3, 2001, Ford filed a motion to withdraw his guilty plea. The district court promptly denied that motion, and this appeal followed.

We will review the district court's refusal to allow a defendant to withdraw a guilty plea for an abuse of discretion. Fed. R. Crim. P. 32(e); U.S. v. Martinez, 785 F.2d 111, 113 (3d Cir. 1986). We have stated that a sentencing court should consider three factors in exercising its discretion to grant a motion to withdraw a guilty plea. These include: whether the defendant asserts his innocence, any resulting prejudice to the government, and the strength of the defendant's reasons for moving to withdraw. U.S. v. Trott, 779 F.2d 912, 915 (3d Cir. 1985).

Here, even at this late date, Ford neither proclaims his innocence nor denies the

accuracy of his stipulation.  As noted, the stipulation included an agreement as to the quantity of crack he and his coconspirators possessed.  Nevertheless, he attempts to justify his request to withdraw his guilty plea by arguing that he was not properly informed of the prosecution's burden of proving drug quantity under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

Apprendi does not apply to Ford's sentencing.  Ford received a sentence of 20 years imprisonment on the counts charging him with drug offenses.  21 U.S.C. 841(b)(1)(C) authorizes a maximum sentence of 20 years for any offense involving "crack" cocaine regardless of quantity.  That maximum increases to 30 years if a defendant has a prior conviction for a drug felony.  Ford has such a conviction. Accordingly, his sentence is less than the statutory maximum and no issue is presented under Apprendi.  See U.S. v. Sanchez, 269 F.3d 1250 (11th Cir. 2001) (En Banc).

However, assuming arguendo that Apprendi applied in Ford's situation, he is nevertheless not entitled to withdraw his guilty plea merely because intervening circumstances have made the government's proof more difficult.  Brady v. U.S., 397 U.S. 742 (1970) ("the fact that [the defendant] did not anticipate [the later change in the law] does not impugn the truth or reliability of his plea. [Accordingly, there is] no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act to which he is charged simply because it later develops that the State would have a weaker case than the defendant had thought. . .").

Ford cites several decisions from the United States Court of Appeals for the Sixth Circuit in arguing that his sentence implicates concerns raised under Apprendi.  See Appellant's Br. at 19.  However, for the reasons which we have set forth herein, we are not persuaded that those cases establish that the district court abused its discretion in denying his petition to withdraw his guilty plea two years after he entered it. Accordingly, the judgement of sentence entered on January 4, 1999 will be affirmed.
TO THE CLERK:

Please file the foregoing opinion.

                              By the Court,
                              /s/    Theodore A. McKee
                                        Circuit Judge