**UNITED STATES of America**

v.

**Ying Guan CHEN, Appellant**

**No. 01–3573.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 25, 2002.

Filed July 9, 2002.

---

Before ALITO, AMBRO, and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Ying Guan Chen was stopped in his minivan by Pennsylvania state troopers for speeding. The stop led to a consensual search of the vehicle, which revealed boxes of new electronic equipment and resulted in Chen's arrest for possession of stolen property. Subsequently, the Trooper obtained a search warrant for the vehicle and found in it evidence of numerous purchases of electronic equipment using fraudulent credit cards. Chen was convicted for possession of counterfeit access devices. As the parties are well aware of the history of these proceedings and the facts involved, we need not repeat them here.

On appeal, Chen raises two issues: first, whether the District Court properly denied his motion to suppress illegally seized evidence, and second, whether the District Court abused its discretion in denying Chen's motion to withdraw his guilty plea. We hold that (1) the District Court's denial of Chen's suppression motion was appropriate because there was a substantial basis for the Magistrate Judge to issue the warrant and (2) the District Court did not abuse its discretion in denying Chen's motion to withdraw his guilty plea.

Chen claims that the District Court erred in denying his motion to suppress because the circumstances surrounding the initial traffic stop were insufficient to establish probable cause and could not justify issuance of the search warrant. In response, the government argues that the traffic stop, the questioning of the defendants, and the subsequent searches of Chen's vehicle were all legally justified. The government contends that the trooper had probable cause to stop the van because he observed it violating Pennsylvania traffic law; that he then obtained consent to search the van, which revealed the electronic equipment; that there were no receipts or explanation for where the defendants got the equipment; and that this gave rise to the probable cause necessary to arrest the motorists. Consequently, according to the government, the Magistrate Judge had a substantial basis on which to issue a warrant for a search of the van.

■ We agree with the government's position. The initial stop of the minivan was warranted by the observed traffic violation of speeding. Police may stop an automobile when they have a reasonable

suspicion to believe that a traffic violation has occurred. *See United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002); *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Thus, the initial stop of the vehicle was justified because Trooper Miller caught the minivan speeding. *Cf. United States v. Johnson*, 63 F.3d 242, 245 (3d Cir.1995).

■ Next, Trooper Miller obtained oral consent to search the vehicle. Although Miller did not have a warrant to make the initial search of the van, it is well settled that "one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Nonetheless, a defendant's consent to a search must be voluntary to be valid under the Fourth Amendment. *See Ohio v. Robinette*, 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). Here, the record indicates that Trooper Miller explained to Chen that the purposes of the traffic stop were completed, that he did not have to consent to the search, and that he could say no. App. at 62. Chen's response to Miller's request was "go ahead and search it." *Id.* Thus, there can be little dispute about the propriety of Miller's search of the minivan.

■ Finally, the totality of the circumstances before the Magistrate Judge gave him a substantial basis to issue a search warrant for the minivan. *See United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). In particular, Trooper Miller and Corporal Grill observed that Chen and his co-defendants were nervous during the stop and search. What is more important, underneath the blanket, Trooper Miller found unexplained boxes of expensive electronic equipment

for which Chen and his co-defendants did not have receipts. Moreover, his explanation of the origin of the items was, in Trooper Miller's opinion, somewhat suspect. These circumstances led Trooper Miller to arrest the defendants for possession of stolen property, and they easily provided a substantial basis for the Magistrate Judge to issue a search warrant for the vehicle.

■ Second, Chen claims that the District Court abused its discretion by denying his motion to withdraw his guilty plea. He argues that the colloquy among the court, counsel, interpreter, and defendant leading to his guilty plea was so fraught with inconsistencies, misunderstandings, imperfect translation, and confusion that his plea could not have been intelligent and understanding.

Rule 32(e) provides that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed … the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." This is not an absolute right, however, and we look primarily to three factors in evaluating a motion under Rule 32(e): "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *United States v. Martinez*, 785 F.2d 111, 114 (3d Cir.1986) (quoting *United States v. Trott*, 779 F.2d 912, 915 (3d Cir.1985)). We review a district court's decision to deny a motion for withdrawal of a guilty plea for abuse of discretion. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir.2001).

As to the first *Martinez* "guidepost" regarding claims of innocence, we have held that "[a]ssertions of innocence must be buttressed by facts in the record that sup-

port a claimed defense." *Brown*, 250 F.3d at 818 (quoting *United States v. Salgado–Ocampo*, 159 F.3d 322, 326 (7th Cir.1998)). "In addition to reasserting her innocence, a defendant must 'give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea.'" *Id.* (citation omitted). In the present case, Chen's claims of innocence are found (1) in his affidavit supporting his motion to withdraw his guilty plea, where he stated: "I continue to assert my innocence of those charges," App. at 123; and (2) at his arraignment, where he initially pled not guilty. As the government observes, these claims are not "buttressed by facts in the record that support a claimed defense"; nor do they "explain why contradictory positions were taken before the district court." Br. of Appellee at 29–30. Chen has failed to assert his innocence in a way that justifies his request to withdraw his guilty plea.

Chen's strongest argument for withdrawing his plea is that it was not intelligent and voluntary. This claim, however, is not supported by the record. According to the record, it appears that most of Chen's answers were clear and without confusion. Moreover, if there was any confusion regarding Chen's acceptance of the prosecutor's statement, the matter was addressed during a recess. The District Court made certain to clarify that Chen's statements were knowing and intelligent by asking repeatedly: "Do you understand?" *Id.* at 95–96. We hold that the District Court did not abuse its discretion in determining that Chen did not show a fair and just reason why he should be able to withdraw his guilty plea.

We need not reach the second guidepost of prejudice to the government unless the defendant first shows sufficient grounds for withdrawing his plea. *See Martinez*, 785 F.2d at 116. Nonetheless, this factor also works against Chen in this case. Two of Chen's co-defendants have already been deported and would therefore be unable to testify against him at trial. Therefore, the government relied on Chen's initial plea and would be substantially prejudiced if Chen were allowed to withdraw that plea.

For the foregoing reasons, the District Court's order is affirmed.