

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2004

# USA v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3473

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Davis" (2004). *2004 Decisions.* Paper 446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3473

UNITED STATES OF AMERICA

v.

LASHAWN DAVIS,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 01-cr-00111-2)
District Court: Hon. Robert J. Cindrich

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2004

Before: Nygaard, McKee, Chertoff, <u>Circuit Judges</u>.

(Filed:  July 30, 2004)

OPINION

McKEE, <u>Circuit Judge</u>.

    LaShawn Davis appeals from the judgment of conviction and sentence imposed by

the district court, arguing that the court abused its discretion by denying his motion to

withdraw his guilty plea.  Because we find that the court did not abuse its discretion, we

will affirm the conviction and sentence.

**I**

Since we write only for the parties, it is not necessary to recite the facts of this case except insofar as may be helpful to our brief discussion.

On June 19, 2001, Davis and his co-defendant were indited for: (1) conspiracy to distribute and possess with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C § 846 (Count I); (2) possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count II); and (3) distribution and possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Counts V and VI). Appx. 23, 34-40.[1] Davis initially pled not guilty.

On August 19, 2002, the day the trial was set to begin, Davis pled guilty to Count I of the indictment and stipulated that the amount of heroin involved in the conspiracy was more than 100, but less 400, grams. Suppl. Appx. 18, 27-30.[2] After a thorough plea colloquy, the district court accepted Davis' plea and set the matter for sentencing on November 8, 2002. Suppl. Appx. 17-42.

Shortly thereafter, Davis sent a letter to the court seeking to withdraw his plea. The letter states, in relevant part:

---

[1] Davis' co-defendant was also charged with: (1) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(A)(i) (Count III); (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV); and (3) an additional count of possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count VII). Appx. 34-40.

[2] Several days earlier, Davis' co-defendant had pled guilty to Counts I and IV and had agreed to testify against Davis. Appx. 3

2

> [W]hen I was in your court room I had in min[d] that I was pleading out to 60 but less tha[n] 80 or 80 but less tha[n] 100 grams of heroin. Because that was my understanding [of] my [i]ndictment. After you read[] everything and I found out what was going on I tr[ied] to [say] something but I didn't want to cause a problem in you[r] court room or make you mad.

Appx. 19. On November 4, 2002, Davis, through new counsel, filed formal a motion to withdraw his guilty plea. The district court denied the motion, and on August 6, 2003, Davis was sentenced to 63 months in prison. Davis filed a timely appeal.

## II

Although there is no absolute right to withdraw a guilty plea, "we have stated that motions to withdraw guilty pleas made before sentencing should be liberally construed in favor of the accused and should be granted freely." *Gov't Virgin Islands v. Berry*, 631 F.2d 214, 219 (3d Cir. 1980). However, the defendant bears the burden of presenting "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 32(d) (now located at Fed. R. Crim. P. 11(d)). In determining whether it would be fair and just to grant a defendant's motion to withdraw, the court must consider the following factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). We will only disturb the district court's ruling if it constitutes an abuse of discretion. *Id.* In this case, there is no indication that the district court abused its discretion by denying Davis' motion to withdraw.

3

First, Davis did not assert his innocence in his initial letter to the court. Appx. 19. Rather, he expressed regret about not challenging the amount of heroin stipulated to in the plea agreement. *Id.* In his motion to withdraw, Davis does deny that he conspired to distribute between 100 and 400 grams of heroin, and that he has ever been known by the nickname "Boo" (the street name of the individual from whom two controlled buys of heroin were made). Appx. 5.[3] However, as we noted in *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001), "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his/her] guilty plea." (citation omitted). Rather, the defendant must cite specific facts in the record that support a claimed defense. *Id.* Davis, who was arrested with heroin in his pockets (appx. 5), fails to satisfy this standard.

Next, we consider the strength of Davis' reasons for withdrawing his plea. Aside from his bald assertion, Davis claims that he pled guilty because his counsel advised him that he did not have a good defense since his co-defendant had agreed to testify against him, and that he had a "change of heart within days . . . of his guilty plea." Appx. 44. However, "a change of mind" or "the fear of punishment" are not sufficiently compelling reasons to allow a defendant to withdraw a guilty plea. *Brown,* 250 F.3d at 815 (citation and internal quotation marks omitted). Davis also claimed that he "was under certain misconceptions regarding the applicable sentencing ranges at his plea hearing." Appx.

---

[3] The government was prepared to play tapes of recorded telephone conversations from the Allegheny County Jail in which a woman speaking to Davis refers to him as "Boo". App. 5 n. 1.

4

44. However, at the hearing, both the judge and Davis' counsel explained that he was pleading guilty to a conspiracy involving more than 100 but less than 400 grams of heroin, and that this would affect the length of his sentence under the sentencing guidelines. Suppl. Appx. 28-30. When asked if he understood the plea agreement, Davis responded "Yes." Suppl. Appx. 30. Thus, it is clear that Davis understood the nature of the agreement, including the amount of heroin involved in the plea.

Finally, "[t]he [g]overnment is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a plea." *United States v. Martinez*, 785 F.2d 111, 115 (3d Cir. 1986) (citation and internal quotation marks omitted). Nonetheless, it clear that the government would suffer some degree of prejudice because Davis entered his plea on the day the trial was set to begin, "when jurors, witnesses and court personnel had been assembled for the trial . . . ." *United States v. Crowley*, 529 F.2d 1066, 1072 (3d Cir. 1976).

## III

Based on the foregoing analysis, we will affirm the judgment of conviction and sentence imposed by the district court.

5