

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# USA v. Vonsander

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"USA v. Vonsander" (2007). *2007 Decisions*. Paper 1205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2500

UNITED STATES OF AMERICA

v.

ERICK VONSANDER
a/k/a Harry

Erick Vonsander,
Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 03-cr-00002-1)
District Judge:  Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before:  RENDELL, BARRY and CHAGARES, Circuit Judges.

(Filed April 26, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

## I.

Erick Vonsander appeals the District Court's denial of his motion to withdraw his guilty plea. On September 23, 2004, Vonsander pled guilty to three counts of distribution of more than five grams of cocaine base. On May 5, 2005, he moved to withdraw his plea. After a hearing, the District Court denied the motion, by order dated January 24, 2006. Vonsander was later sentenced to 180 months imprisonment, four years supervised release, and a $300 special assessment. We have jurisdiction over Vonsander's appeal pursuant to 28 U.S.C. § 1291.

Vonsander discussed entering a guilty plea with his counsel during their meeting that occurred nine days prior to the date that Vonsander pled guilty. During that meeting, counsel gave Vonsander possible "best case" and "worst case" sentencing scenarios. The best case, if he pled guilty, was a sentence of five and a half to seven years. The worst case was a sentence of ten to twelve years.

Vonsander sought to withdraw his guilty plea after learning that the guideline sentencing range listed in the final presentence report was 188 to 235 months. This range was substantially greater than the 121 to 151 months range calculated in an earlier version of the report. The final report classified Vonsander as a "career offender," which accounted for the increase in his guideline sentencing range. Vonsander's counsel admittedly did not advise Vonsander, prior to his guilty plea, of the possibility that he

2

would be classified as a "career offender" under the Sentencing Guidelines.

## II.

Vonsander argues that the District Court abused its discretion by refusing to allow him to withdraw his guilty plea. We review a denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). "Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim. Rather, a defendant must have a fair and just reason for withdrawing a plea of guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (internal citation omitted). The defendant bears the substantial burden of demonstrating the existence of a "fair and just" reason. *Jones*, 336 F.3d at 252. "A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id*. The defendant cannot rest on a "bald" assertion of innocence, but must support his assertion with facts in the record. *Id.* at 252-53. If the defendant fails to show that there is a "fair and just reason" for withdrawing his plea, then the district court may deny the motion even if no prejudice to the government is shown. *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995) (citing *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1986)).

Vonsander argues that he adequately asserted his innocence before the District Court as to two of the three counts of distribution of cocaine base. This assertion, he contends, is supported by his testimony at the withdrawal of plea hearing that he only

3

entered a guilty plea because his codefendant went to trial and lost and Vonsander then feared that he might also lose at trial. Vonsander also testified that he told his counsel that he was innocent of two of the counts. However, in his plea colloquy, Vonsander admitted that he had assisted in the distribution of cocaine base on the three occasions at issue. At the hearing on his motion to withdraw his guilty plea, he reaffirmed that these prior statements were truthful.

Vonsander also argues that he should have been allowed to withdraw his plea because he did not adequately understand the plea agreement. He contends that he did not understand at the time he entered his plea that he could be subject to a sentence of greater than seven years. However, Vonsander's counsel testified at the withdrawal of plea hearing that he reviewed the plea agreement with Vonsander "word for word" and that he read each paragraph to Vonsander twice before Vonsander entered his guilty plea. App. 134. The plea agreement clearly states that "if the Court decides not to follow any stipulations or recommendation in this memorandum of plea agreement or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw the guilty plea." App. 135. Furthermore, Vonsander stated under oath during his plea colloquy that he understood the charges against him, the terms of the plea agreement, and the rights that he was giving up by pleading guilty. He also stated during the colloquy that he understood that it was not possible for anyone to provide any guarantees as to what his sentence would be until the court had reviewed the presentence report.

4

Vonsander finally maintains that he could not understand the plea agreement because he is not a native English speaker. However, Vonsander refused the assistance of an interpreter during the evidentiary hearing on the withdrawal of his guilty plea. His counsel stated at that hearing that "[m]y client does not want the interpreter. He says that he does understand everything that's going on, I guess." App. 55. Vonsander confirmed that he did not wish to use the interpreter because he understood "everything that's going on." *Id.* Vonsander requested the interpreter's assistance at the hearing only for the translation of written documents. As previously noted, Vonsander's counsel testified that Vonsander did not review the written plea agreement on his own, but rather that counsel read the plea agreement to Vonsander, twice.

The District Court denied Vonsander's motion to withdraw his guilty plea on the grounds that Vonsander failed to proffer sufficient evidence of his innocence and his reasons for withdrawing his plea. We conclude that the District Court did not abuse its discretion in denying the motion. Vonsander had the burden to show the existence of a fair and just reason for withdrawing his plea of guilty. After conducting an evidentiary hearing on the matter, the District Court concluded that Vonsander had failed to meet this burden. We see no reason to disturb that conclusion.

III.

Accordingly, for the reasons set forth above, we will affirm the District Court's denial of Vonsander's motion to withdraw his guilty plea.

5