**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4671
_____

UNITED STATES OF AMERICA

v.

JAVIER CHECO,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 06-443)
District Judge: Hon. Paul S. Diamond

Submitted January 28, 2011

Before:  FUENTES, CHAGARES, and ROTH, Circuit Judges.

(Filed: February 17, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Javier Checo appeals his conviction on the grounds that the District Court

erroneously denied his motion to withdraw his guilty plea.  Checo maintains that he was

misinformed about his sentencing guidelines range such that he did not knowingly and

intelligently plead guilty. For the reasons that follow, we will affirm the judgment of conviction.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. In May of 2006, Maria Diaz purchased a total of five guns at the Army & Navy Store in Whitehall, Pennsylvania. Although Diaz certified that she was purchasing the guns only for herself, Diaz was purchasing the guns for Javier Checo. Checo drove her to the store, picked out the guns, supplied the funds and took possession of the firearms after the purchase. Checo used Diaz as a straw-purchaser because he was a convicted felon and was prohibited from making the purchases himself. Checo sold the guns purchased through Diaz to Reymond Gomez.

In early July 2006, Checo had Diaz and other straw-purchasers attempt to purchase guns on his behalf, but all the purchases were delayed until background checks were completed. On August 2, 2006, after Diaz's purchase was cleared, Checo and Gomez drove Diaz to pick up the guns. While Diaz was completing the purchase, officers from the Bureau of Alcohol, Tobacco, and Firearms arrested Checo and Gomez. Checo was charged with conspiracy to make false statements to a federal firearms licensee pursuant to 18 U.S.C. § 371, twelve counts of making and aiding and abetting the making of false statements to a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A), eleven counts of interstate travel for the purpose of unlicensed dealing in firearms pursuant to 18 U.S.C. § 924(n), and five counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2

Checo entered into a written plea agreement whereby he pled guilty to the conspiracy charge, eleven counts of making false statements to firearm dealers, ten counts of interstate travel to deal in unlicensed firearms, and four counts of being a felon in possession of a firearm. The plea agreement explicitly stated the statutory maximum sentences for each offense and indicated that the potential maximum sentence could be 150 years imprisonment. Further, the plea agreement stated that Checo could not withdraw his plea if the Court failed to follow any of the recommendations, motions, or stipulations made by the parties in the agreement. Additionally, Checo and the Government entered into sentencing guidelines stipulations, but the plea agreement noted that the Government did not promise or guarantee a certain sentence for Checo. Checo also agreed that he was satisfied with his lawyer and he had fully discussed the plea agreement with counsel.

On September 28, 2007, the District Court conducted a hearing, where it thoroughly reviewed the plea agreement with Checo and confirmed that Checo understood its terms and his rights. Specifically, the District Court reviewed the potential penalties and confirmed that Checo understood he could receive the maximum penalty and could not withdraw his plea if he received a more severe sentence than expected. In December 2007, the Probation Office issued the Presentence Report indicating a sentencing guidelines range of 108 to 135 months. In July 2008, Checo filed a motion to withdraw his guilty plea, which the District Court subsequently denied. On November

25, 2008, the District Court sentenced Checo to 235 months of imprisonment.[1]  Checo

timely appealed.[2]

II.

We review a district court's denial of a defendant's motion to withdraw his guilty

plea before sentencing for abuse of discretion.  United States v. King, 604 F.3d 125, 139

(3d Cir. 2010) (citing United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001)); United

States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003).   A defendant may withdraw a guilty

plea before sentencing if the defendant can show a "fair and just reason for requesting the

withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  We have recognized that the burden of

showing a "fair and just reason" for withdrawal is "substantial" and a defendant is not

entitled to withdraw his plea "simply at his whim."  Jones, 336 F.3d at 252.  In

determining whether a defendant has a "fair and just reason" for withdrawal of his guilty

plea, "district courts consider whether:  (1) the defendant 'asserts his innocence;' (2) the

defendant proffered strong reasons justifying the withdrawal; and (3) the government

would be prejudiced by withdrawal."  King, 604 F.3d at 139.  Defendants are not

permitted to rely on bald assertions of innocence to support their withdrawal of a guilty

plea, but must support their innocence by facts in the record.  Jones, 336 F.3d at 252.  If a

---

[1] Due to Checo's inappropriate actions against the Government prior to sentencing, the District Court denied a three-level downward adjustment for acceptance of responsibility, imposed a two-level upward adjustment for obstruction of justice and affirmed a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6).  Hence, the advisory sentencing guidelines range was 188 to 235 months.
[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

defendant cannot meet this burden, the Government does not need to show prejudice. United States v. Martinez, 785 F.2d 111, 116 (3d Cir. 1986).

We hold that the District Court did not abuse its discretion by denying Checo's motion to withdraw his guilty plea. In support of withdrawal of his guilty plea, Checo argues that he was misled by the Government that his conspiracy charge would be dropped if he pled guilty and that he was provided with incorrect information regarding his sentencing guidelines range by his counsel and the Government. These arguments are unfounded and heavily refuted by the record. Additionally, Checo asserts his innocence in regard to knowing that Gomez was a drug dealer. This, however, is irrelevant as it relates only to Checo's sentencing enhancement and not toward his innocence as to the underlying offenses. In fact, Checo has never maintained that he did not commit the crimes charged or that he could provide any defenses for the offenses. Hence, we agree with the District Court that Checo failed to assert his innocence and that he failed to provide justification for withdrawal of his guilty plea. Therefore, we conclude that Checo did not have a "fair and just reason" to justify withdrawal of his guilty plea.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.