**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1325 & 10-1326
_____

UNITED STATES OF AMERICA

v.

RICHARD WAYNE HOYT,
                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Nos. 07-cr-00136 & 10-cr-00005)
District Judge: Hon. Nora B. Fischer

Submitted March 15, 2011

Before:  RENDELL, BARRY, and CHAGARES, Circuit Judges.

(Filed August 3, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

        Richard Hoyt appeals his sentence on the grounds that the District Court

erroneously denied his motion seeking mitigation relief and improperly imposed a

consecutive sentence.  Hoyt also appeals his conviction, maintaining that the District

Court erroneously denied his motion to withdraw his guilty plea. For the reasons that follow, we will affirm the judgment of conviction and sentence.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. In 2000, Hoyt robbed a series of banks in Ohio. After pleading guilty, he was sentenced to eighty-six months of imprisonment and three years of supervised release. While on supervised release, in March 2007, Hoyt robbed four banks in Pittsburgh, Pennsylvania. Hoyt was subsequently indicted on three counts of bank robbery and one count of attempted bank robbery. Hoyt pled guilty and moved for the court to consolidate the matter with his violation of supervised release. Prior to sentencing, Hoyt moved to withdraw his guilty plea due to his dissatisfaction with counsel, but the District Court denied his motion.

At sentencing, Hoyt's advisory Guidelines Range was 155 to 188 months of imprisonment for the Pittsburgh robberies and twenty-four to thirty months of incarceration for the violation of supervised release. Prior to sentencing, Hoyt sought a downward variance outside of the Guidelines Range due to his life circumstances. Three witnesses testified on Hoyt's behalf at the sentencing hearing. His mother explained that Hoyt was physically abused, neglected, and left to fend for himself during childhood. She recounted instances where Hoyt was forced to stay under his bed all day in one hundred degree weather and required to go to school in soiled clothing. She testified that Hoyt displayed mental illness as a child and developed an addiction to crack cocaine later in life. Hoyt's sister provided corroborating testimony about his childhood, recounting

2

how Hoyt's uncles used him to rob banks and how Hoyt became involved in prostitution as an adolescent. His sister testified about Hoyt's excitement with regards to starting a new life after being released from prison and how he ended up struggling to find a job and to overcome his drug problem. Finally, Hoyt testified to his inconsistent childhood education, anger management problems, his family's encouragement to enter into crime, and the physical abuse and molestation he experienced as a child. The District Court found this testimony to be credible.

At sentencing, the District Court recognized that Hoyt had a long history of mental illness and drug abuse in addition to a traumatic childhood. The court considered these factors in sentencing Hoyt at the bottom of the advisory Guidelines Range, 151 months of imprisonment. The District Court denied Hoyt a downward variance based on this history because the court considered Hoyt to be a danger to the community. With regards to the revocation of supervised release, the District Court also sentenced Hoyt at the bottom of the advisory Guidelines Range to twenty-four months of imprisonment to run consecutively to his 151 month sentence. Hoyt filed a timely appeal.[1]

## II.

We review sentences to ensure that they are substantively reasonable and imposed in a procedurally fair manner. United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008). We must first determine whether the District Court committed "significant procedural error," for example, by "failing to consider the [18 U.S.C.] § 3553(a) factors .

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e)(3), and we have jurisdiction under 28 U.S.C. § 1291.

. . or failing to adequately explain the chosen sentence." Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007). In conducting this procedural assessment, "[w]e review alleged factual errors for clear error but exercise plenary review over 'purely legal' errors, such as a misinterpretation of the Guidelines or the governing case law." United States v. Brown, 595 F.3d 498, 526 (3d Cir. 2010) (citation omitted). If the District Court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence "under an abuse of discretion standard." Id.

The arguments presented by Hoyt that the District Court's sentences were procedurally and substantively unreasonable are unavailing. Hoyt contends that his concurrent sentences were improper because the District Court, considering the Guidelines as mandatory rather than advisory, erroneously denied his downward variance by giving insufficient weight to the mitigation evidence and downplaying this evidence in formulating the sentences. After reviewing the record, we conclude that the District Court did not treat the Guidelines as mandatory, did not give insufficient weight to Hoyt's personal history, and meaningfully considered the § 3553(a) factors. We do not consider it improper that the District Court denied Hoyt's motion for a downward variance outside of the Guidelines Range after concluding that Hoyt's extensive criminal history, coupled with the court's concerns about his violent nature, weighed more heavily than Hoyt's difficult childhood and history of mental illness.

Hoyt also contends that he sustained a due process violation when the District Court considered unreliable arrest records when determining that Hoyt was a danger to the community. Hoyt's presentence investigation report ("PSR") included two instances

4

while on supervised release that he was arrested for sexually assaulting two different women. In considering Hoyt's downward variance, the District Court acknowledged these incidents, noted that Hoyt was not charged after the arrests, and concluded nevertheless that these arrests raised "concerns" that Hoyt remained a danger to the community. Notably, Hoyt had prior notice of the contents of the PSR and failed to object prior to sentencing. Further, at sentencing, Hoyt objected, but offered no reason for the delay or any justification for why the arrest reports were unreliable. See United States v. Campbell, 295 F.3d 398, 406 (3d Cir. 2002) (noting that a defendant must provide "detailed reasons" to support his claim that a PSR's findings are unreliable). Therefore, we conclude that Hoyt did not sustain a due process violation because no evidence was presented that the information in his PSR was unreliable, and because the District Court's reliance on the arrest records was limited in light of the other supporting evidence that Hoyt was a danger to the community.[2]

We will affirm the sentence of the District Court.

III.

We review a district court's denial of a defendant's motion to withdraw his guilty plea before sentencing for abuse of discretion. United States v. King, 604 F.3d 125, 139

---

[2] Hoyt argues that the District Court's sentence was inconsistent with our holding in United States v. Berry, 553 F.3d 273, 284 (3d Cir. 2009), where we held that "a bare arrest record – without more – does not justify an assumption that a defendant has committed other crimes and it therefore can not support increasing his/her sentence in the absence of adequate proof of criminal activity." We are not persuaded by Hoyt's argument because in this case the court did not make any assumptions based on the arrests that Hoyt committed other crimes, but merely noted that such arrests, coupled with the threats of violence displayed during the robberies, created concerns that Hoyt could be a danger to the community.

5

(3d Cir. 2010) (citing United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001)); United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). A defendant may withdraw a guilty plea before sentencing if the defendant can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We have recognized that the burden of showing "fair and just reason" for withdrawal is "substantial" and a defendant is not entitled to withdraw his plea "simply at his whim." Jones, 336 F.3d at 252 (quotation marks omitted). In determining whether a defendant has a "fair and just reason" for withdrawal of his guilty plea, "district courts consider whether: (1) the defendant 'asserts his innocence;' (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by withdrawal." King, 604 F.3d at 139. Defendants are not permitted to rely on bald assertions of innocence to support their withdrawal of a guilty plea, but must support their innocence by facts in the record. Jones, 336 F.3d at 252. If a defendant cannot meet this burden, the Government does not need to show prejudice. United States v. Martinez, 785 F.2d 111, 116 (3d Cir. 1986).

Hoyt maintains that his dissatisfaction with counsel provides justification for withdrawal of his guilty plea. We conclude that Hoyt has not shown a fair and just reason for withdrawal of his guilty plea. We are not convinced that Hoyt has made any attempt to assert his innocence and certainly has not provided any factual support for his innocence. Additionally, we agree with the District Court that Hoyt's concerns with his counsel were unfounded. Therefore, we conclude that the District Court did not abuse its discretion by denying Hoyt's motion to withdraw his guilty plea.

6

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.