**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1891
_____

UNITED STATES OF AMERICA

v.

NAZARIY KMET
a/k/a Naz

Nazariy Kmet,
                    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-14-cr-00319-001)
District Judge:  Honorable Nitza I. Quinones Alejandro

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2016
_____

Before:  CHAGARES, KRAUSE, and SCIRICA, <u>Circuit Judges</u>.

(Filed: July 14, 2016)

_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Defendant Nazariy Kmet moved before the District Court to withdraw his guilty plea. The District Court denied the motion, and Kmet appeals that order. We will affirm.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition. As alleged in the indictment, Kmet co-owned with his brother Life Support Corporation. The company provided ambulance transport services. Kmet signed the Medicare applications on behalf of the company, which certified that Life Support was submitting for reimbursement only claims for medically necessary services. However, Kmet submitted claims to Medicare for medically unnecessary ambulance transport of dialysis patients. And Life Support gave kickback payments to these patients who rode with the company for non-emergency reasons. Over the course of the scheme, Kmet submitted over $6 million in fraudulent claims to Medicare, resulting in approximately $1.9 million in payments to Life Support.

Kmet pled guilty to conspiracy to commit health care fraud, 18 U.S.C. § 1349, and to violation of the anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2)(B). At the plea hearing, Kmet testified that he understood his trial rights and that he was waiving them. Kmet stated that he had discussed the charges with his attorney. The Government recited the elements of the charges and the factual basis supporting them. The District Court asked Kmet whether the summarized facts were "more or less what happened," and Kmet responded, "[m]ore or less." Appendix ("App.") 97. The Government later asked the District Court again to confirm that Kmet agreed that the factual basis supported the elements of the charges, and Kmet answered yes. App. 100-01. Kmet's attorney agreed

2

as well.  The District Court gave Kmet several opportunities to ask questions about the plea.  He declined.  He pled guilty, and when asked if he was pleading guilty because he was in fact guilty, Kmet answered yes.

Kmet subsequently moved to substitute counsel.  His new counsel moved to withdraw his guilty plea.  The District Court held an evidentiary hearing on his motion to withdraw his plea.  Kmet testified that he pled guilty on the advice of his prior counsel.  He stated that he began researching his case after pleading guilty and concluded that he was innocent.  According to his testimony at the hearing, the payments to patients were not kickbacks but were meant to help the patients who were struggling financially.  The District Court denied the motion.  Kmet was sentenced to 72 months of imprisonment — below the advisory-Guidelines range of 97 to 121 months of imprisonment.

## II.[1]

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  In evaluating a motion to withdraw a guilty plea, a court considers 1) whether the defendant asserts his innocence, 2) whether the government would be prejudiced, and 3) the strength of the defendant's reasons for withdrawal.  United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).  The defendant must explain why he took a contradictory position under oath at the guilty plea hearing.  United States

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We review the District Court's ruling on a motion to withdraw a guilty plea for abuse of discretion.  United States v. Martinez, 785 F.2d 111, 113 (3d Cir. 1985).

v. Jones, 979 F.2d 317, 318 (3d Cir. 1992). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons" for withdrawing a guilty plea. Brown, 250 F.3d at 815 (quotation marks omitted).

Kmet suggests that his withdrawal is justified because his plea was not knowing. Kmet Br. 12-18. After the Government recited the facts it was prepared to prove beyond a reasonable doubt, the District Court asked Kmet if that was "more or less what happened," and Kmet answered "[m]ore or less." Although the District Court would be well-advised to elicit a more definitive statement of affirmation from a defendant, it is clear from the record here that Kmet understood the nature of his plea. The Government laid out the elements of the charges and the asserted facts, and Kmet indicated his agreement by adopting the District Court's phrase. And Kmet agreed a second time, upon the Government's request to the District Court, that the factual basis was sufficient. Kmet was afforded multiple opportunities to ask questions, but he declined and instead indicated many times his desire to plead guilty.

Kmet has therefore not indicated a reason for his withdrawal beyond a "shift in defense tactics" — namely, arguing now that the payments he made to patients were not kickbacks but help to those "struggling financially." Kmet Br. 13. That is insufficient. Brown, 250 F.3d at 815. Accordingly, the District Court did not abuse its discretion in denying Kmet's motion to withdraw his guilty plea.

### III.

For the foregoing reasons, we will affirm the District Court's order.

4