**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1759

_____

UNITED STATES OF AMERICA

v.

JEFFREY OLSON,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-17-cr-00240-001)
District Judge: Hon. Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Tuesday, March 31, 2020

_____

Before: GREENAWAY, JR., PORTER, and MATEY,
*Circuit Judges*

(Filed: April 3, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

Jeffery Olson pleaded guilty to one count of wire fraud, one count of bank fraud, and one count of attempted bank fraud. Before the District Court imposed his sentence, Olson moved pro se to withdraw his guilty plea and to have counsel appointed to represent him. After the District Court appointed Olson's current counsel, Olson filed another motion to withdraw his guilty plea. The District Court denied the motion because it concluded that "Olson failed to demonstrate his innocence and failed to proffer any strong reasons justifying the withdrawal of his guilty plea." App. 11. Olson timely appealed. Because the District Court did not abuse its discretion by denying Olson's motion, we will affirm.[1]

"If a motion to withdraw a plea of guilty . . . is made before a sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." *United States v. Jones*, 336 F.3d 245, 252 n.6 (3d Cir. 2003) (alteration in original) (citation omitted). The defendant must carry the "substantial" burden of showing "a fair and just reason" for withdrawing his guilty plea. *See id.* at 252 (internal quotation marks and citation omitted). "Once a [district court] accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." *Id.* "A

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. "We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citation omitted). "An abuse of discretion occurs only [when] the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, [when] no reasonable person would adopt the district court's view." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (internal quotation marks and citation omitted).

shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citation omitted).

"A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252 (citation omitted). If a defendant fails to satisfy his burden on the first two factors, the government need not show whether it would be prejudiced. *See United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986).

On appeal, Olson advances two arguments. Both ring hollow. First, Olson argues that he carried his heavy burden by showing that he is innocent. He supports his argument by asserting defenses to all three of the counts to which he pleaded guilty.

Yet the District Court did not abuse its discretion by concluding that Olson failed to make a credible showing of his innocence. "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Brown*, 250 F.3d at 818 (citation omitted). "Bald assertions of innocence, however, are insufficient to permit a defendant to withdraw [his] guilty plea." *Id.* (citation omitted). Here, the District Court concluded that Olson's proffered defenses were not credible and thus failed to show his innocence. *See* App. 6–8. The District Court's reasoning is not "arbitrary, fanciful, or clearly unreasonable," *see Green*, 617 F.3d at 239, so we do not find that the District Court's decision amounted to an abuse of its discretion.

Second, Olson argues that the government "conced[ed]" that it would not be prejudiced if he were permitted to withdraw his guilty plea. *See* Appellant's Br. at 12. But because Olson failed to carry his heavy burden of showing his innocence and strong reasons for withdrawing his guilty plea,[2] the government did not need to show whether it would be prejudiced. *See Martinez*, 785 F.2d at 116. Olson's second argument fails because the government's silence on the issue of prejudice was not a concession.

\*     \*     \*

The District Court did not abuse its discretion because we consider nothing about its decision "arbitrary, fanciful, or clearly unreasonable." *See Green*, 617 F.3d at 239. We will affirm the District Court's order denying Olson's motion to withdraw his guilty plea.

---

[2] Olson does not appear to challenge the District Court's finding that he failed to provide "sufficient reasons to explain why contradictory positions were taken before the [D]istrict [C]ourt." *See Jones*, 336 F.3d at 253. But if he does, his challenge is unavailing. Before the District Court, Olson asserted that he felt pressured by his then-counsel to plead guilty. But Olson wrote a letter to the District Court indicating that his then-counsel "advised Olson that he should go to trial." App. 11. Thus, the District Court did not abuse its discretion by finding that his "'sole reason' for pleading guilty [was] contradicted by direct evidence from [his own] letter to this court." *Id.*

4