

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2004

# USA v. Teel

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4856

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Teel" (2004). *2004 Decisions.* Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4856

———

UNITED STATES OF AMERICA

v.

WAYNE TEEL,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00761)
District Judge: Honorable Marvin Katz

———

Submitted Under Third Circuit LAR 34.1(a)
Date: November 30, 2004

Before: RENDELL, ALDISERT and MAGILL[1], <u>Circuit Judges</u>.

(FiledDecember 13, 2004)

———

<u>OPINION OF THE COURT</u>

---

[1] The Honorable Frank J. Magill, Senior Judge, U.S. Court of Appeals for the
Eighth Circuit, sitting by designation.

1

ALDISERT, Circuit Judge.

Appellant Wayne Teel appeals from the district court's denial of his motion to withdraw his guilty plea and refusal to downwardly depart. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 (2000). We will affirm in part and dismiss the appeal in part.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

II.

A criminal defendant has no automatic right to withdraw a guilty plea. United States v. Martinez, 785 F.2d 111, 113 (3d Cir. 1986). A defendant whose guilty plea has been accepted by the district court after the inquiry required by Rule 11 of the Federal Rules of Criminal Procedure, may not withdraw the plea without good reason. This Court has recognized three factors in evaluating plea withdrawals: (1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw. United States v. Trott, 779 F.2d 912, 915 (3d Cir. 1985). We have also recognized that "[a] shift in defense tactics, change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty and risk of trying a defendant

who has already acknowledged his guilt by pleading guilty." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).

Here, the district court correctly denied Teel's motion to withdraw his guilty plea. Before allowing Teel to plead guilty, the district judge clearly explained the three counts against him and that each of these counts would have to be proven beyond a reasonable doubt. The court also set forth the factual bases of each of the offenses charged in the indictment. Teel's guilty plea was accepted only after a full inquiry to determine that it was voluntary.

Teel does not assert his innocence. He seeks to withdraw his plea because he had hoped that charges in two other bank robberies would be transferred to the federal court. Teel claims that he thought he was pleading guilty to these two robberies as well. These charges were not, however, mentioned when Teel pled guilty to the federal charges. After the commission of the three crimes which formed the basis of the federal indictment, Teel was charged in Montgomery County for a separate and unrelated robbery and in Philadelphia for two separate additional robberies. Neither the Montgomery County nor Philadelphia robberies were related to the federal indictment. Teel's reasons to withdraw his guilty plea are inadequate and the district court correctly denied the motion.

### III.

We lack the jurisdiction to review a district court's refusal to downwardly depart

if the court understood its authority but exercised its discretion not to grant a downward departure. United States v. Ruiz, 536 U.S. 622, 627 (2002). Here, the district court refused to grant a downward departure because Teel's criminal history indicated a need to incarcerate him to protect the public and his mental impairment was "not significant." Teel has made no showing that the district court misunderstood its authority. Accordingly, we lack the jurisdiction to review its decision. If we had the authority to review the merits, we would affirm the district court's denial of Teel's motion for the downward departure.

IV.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We hold that the district court correctly denied Teel's motion to withdraw his guilty plea. We lack the jurisdiction to review the district court's refusal to grant a downward departure. Accordingly, the judgment of the district court will be affirmed in part and the appeal dismissed in part.