

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2005

# USA v. Wilder

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Wilder" (2005). *2005 Decisions.* Paper 1067.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1067

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2746
_____

UNITED STATES OF AMERICA

v.

GARY KENNETH WILDER, JR. a/k/a JAWS


Gary Kenneth Wilder, Jr.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00072-13)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2005

Before:  ALITO, SMITH and FISHER, *Circuit Judges*.

(Filed:    June 6, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Gary Kenneth Wilder, Jr., appeals from an order of the United States District Court for the Western District of Pennsylvania, entered June 15, 2004, denying his motion to withdraw a previously entered guilty plea. Appellant also challenges his sentence under *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005). As explained herein, we will vacate the denial of the motion to withdraw the guilty plea, vacate the sentence and remand for further proceedings. Because the underlying course of events is known to the parties, we focus here on the rationale for our decision.

I.

"We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir.1995)). A district court commits an abuse of discretion when it fails to follow or misapplies controlling precedent. *See United States v. Mitchell*, 365 F.3d 215, 247 (3d Cir. 2004); *see also Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 265 (3d Cir. 2002) ("a court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts").

Fed. R. Crim. P. 11(d)(2)(B)[1] provides that "[a] defendant may withdraw a plea of guilty ... (2) after the court accepts the plea, but before it imposes sentence if:  ... (B) the defendant can show a fair and just reason for requesting the withdrawal."  Most recently in *Jones*, we explained that "[o]nce a [district] court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim.  Rather, pursuant to [Fed. R. Crim P. 11(d)], a defendant must have a 'fair and just reason' for withdrawing a plea of guilty."  336 F.3d at 252 (internal citations omitted).  In a series of cases, this Court has explained that, in evaluating whether a defendant has shown "fair and just reason" for the withdrawal, a district court "must consider three factors ... (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal."  *Id.*; *see also United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) ("We look to three factors to evaluate a motion to withdraw: [listing the factors]"); *Harris*, 44 F.3d at 1210 n.1 (listing the factors); *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992) ("We have held that three factors must be considered when a district court evaluates a motion to withdraw a guilty plea: [listing the factors]"), *superceded by statute*

---

[1]Prior to 2002, Fed. R. Crim. P. 32(e) governed withdrawal of a guilty plea.  As part of the "general restyling of the Criminal Rules" which occurred in 2002, the substance of Rule 32(e) was moved to Rule 11(d) & (e).  *See* Advisory Committee Notes to Rule 32 – 2002 Amendments; *see also* Advisory Committee Notes to Rule 11 – 2002 Amendments.  This change did not affect the analysis applicable to a motion to withdraw a guilty plea, and thus precedent referring to Rule 32(e) continues to be authoritative.

*on other grounds*; *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989) ("A defendant must have a fair and just reason for withdrawing a plea of guilty. We look to three factors to evaluate his motion to withdraw: [listing the factors]"); *United States v. Martinez*, 785 F.2d 111, 114 (3d Cir. 1986) ("In evaluating a motion under Rule 32(d), we have looked primarily to three factors ... The three factors provide guideposts in evaluating whether a district court abused its discretion in determining whether a criminal defendant has asserted a 'fair and just' reason for withdrawal of a plea of guilty ..."); *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1986) ("a defendant must have a 'fair and just reason' for withdrawing a plea. In evaluating such a motion, we have looked primarily to three factors: [listing the factors]") (internal citation omitted).[2] This analysis requires that a district court *consider* each factor, but critically, does not make any one mandatory such that failure to establish one will necessarily dictate rejection of the motion. That the analysis is one of consideration and balancing is shown by its application in *Jones* where we considered the defendant's argument on the second factor, despite having already concluded that he had failed to meaningfully assert his innocence. *See* 336 F.3d at 252-255.[3]

---

[2]Consideration of the third factor – prejudice to the government – may be dispensed with where a defendant has not made a showing of "fair and just reason" to withdraw the guilty plea. *See e.g.*, *Jones*, 336 F.3d at 255; *Martinez*, 785 F.2d at 115-116.

[3]In the earlier *Jones* decision, 979 F.2d at 318, although the Court stated that "[t]he defendant must [] not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea," it also spoke of "considering" each of the three

4

II.

In denying the motion, the District Court first took note of the government's concession that it would suffer no prejudice on account of the withdrawal. The District Court also concluded that Appellant's argument regarding ineffective assistance of counsel "had merit," and thus supported his desire to withdraw the guilty plea. The motion was denied, however, on the ground that Appellant had failed to meaningfully assert his innocence. In the course of its analysis, the District Court made clear that it considered each of the three factors identified by this Court to be mandatory. *See* Mem. Op. at 11 (titling section "Defendant must meet all three factors in order to withdraw his guilty plea"); *id.* at 12 (noting and explicitly agreeing with the government's contention that "defendant must meet all of the factors in order to withdraw his plea"); *id.* at 17 ("Because a criminal defendant must meet all three prongs of the framework in order to withdraw his guilty plea, and because the court finds that defendant failed to meaningfully assert his innocence, the court need not address the second and third prongs of the framework [applicable to the ineffective assistance of counsel claim]."). While we see no error in the District Court's conclusion that Appellant failed to meaningfully assert his innocence, because we perceive that the District Court conducted its analysis under the mistaken impression that each of the three factors was mandatory, we must find that the District Court abused its discretion in denying the motion, and accordingly, we will

factors. *See id.*

5

vacate the judgment of conviction and remand for further consideration of Appellant's motion to withdraw the guilty plea under the correct analysis.

III.

By letter dated March 3, 2005, Appellant indicated a desire to challenge his sentence under *Booker*. The sentencing issues that Appellant raises are best determined by the District Court in the first instance. Accordingly, we will vacate the sentence and further instruct the District Court that if, on remand, Appellant's motion to withdraw the guilty plea is again denied under the appropriate analysis, Appellant should be resentenced in accordance with *Booker*.