

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# USA v. Rotger Perez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Rotger Perez" (2005). *2005 Decisions.* Paper 337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1888

UNITED STATES OF AMERICA

v.

JOSE ANTONIO ROTGER PEREZ,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 03-cr-00552
(Honorable Franklin S. Van Antwerpen)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2004

Decided November 22, 2004

Certiorari Granted March 21, 2005

Judgment Vacated and Remanded from the
Supreme Court of the United States
March 21, 2005

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2005

Before:  SCIRICA, *Chief Judge*, McKEE and CHERTOFF[*], *Circuit Judges*

(Filed:    October 27, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

On December 9, 2003, appellant Jose Antonio Rotger Perez pled guilty to five counts of Hobbs Act armed robbery and five counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c).  One week later, he sought to withdraw his guilty plea.  After an evidentiary hearing his request was denied, and he was sentenced to thirteen hundred forty-seven months imprisonment.  Perez appealed the district court's refusal to permit withdrawal of the guilty plea, and this Court affirmed on November 22, 2004.  *United States v. Perez*, 115 Fed. Appx. 586 (3d Cir. 2004).

The Supreme Court granted Perez's petition for writ of certiorari on March 21, 2005, vacated the judgment, and remanded to this Court for further consideration in light of *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005).  *United States v. Perez*, 125 S.Ct. 1675 (2005).

---

[*]The Honorable Michael Chertoff resigned from the Court on February 16, 2005, and took no part in this decision.  The opinion is filed by a quorum of the panel.  28 U.S.C. § 46(d).

2

Perez now challenges his sentence under *Booker*. As part of his plea agreement, however, Perez "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution." The exceptions listed in the plea agreement permitted an appeal only if the government appealed, if the defendant's sentence exceeded the statutory maximum, or if the sentencing judge erroneously departed upwards from the guidelines range. In this case, the final sentence was within the statutory maximum on each count of conviction, and there was no upward departure. Perez does not contend otherwise. Instead, he argues he is entitled to re-sentencing under *Booker*.

"Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Neither the appellate waiver nor the guilty plea itself is rendered invalid merely because of a subsequent change in the law. *United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005). Therefore we have held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of *Booker*." *Id.* at 214.

The language of Perez's plea agreement is identical to that which we upheld in *Lockett*. No factors have been presented that would distinguish this case from *Lockett*, or that might entitle Perez to different treatment. We do not believe upholding Perez's waiver will work a miscarriage of justice. Accordingly, Perez has waived his right to

appeal his sentence under *Booker*.  We will affirm Perez's sentence, and reinstate our

previous opinion, appended hereto, affirming the District Court's refusal to permit

Perez's withdrawal of his guilty plea.  *See United States v. Perez*, 115 Fed. Appx. 586 (3d

Cir. 2004).

# APPENDIX

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1888

———

UNITED STATES OF AMERICA

v.

JOSE ANTONIO ROTGER PEREZ,

<u>Appellant</u>

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 03-cr-00552)
District Judge: Honorable Franklin S. Van Antwerpen

———

Submitted Under Third Circuit LAR 34.1(a): November 19, 2004

Before: SCIRICA, *Chief Judge*, and
MCKEE and CHERTOFF, *Circuit Judges*

(Filed November 22, 2004)

———

OPINION

———

CHERTOFF, *Circuit Judge.*

After a jury was empaneled and sworn, opening arguments were completed, and

two victims testified and identified Appellant Jose Antonio Rotger Perez as the man who

A-1

robbed them at gunpoint while they worked at a mini-market, Perez consulted with counsel, signed a written plea agreement, and pled guilty to the five armed robberies for which he was charged. One week later, he sent a letter to the District Court, seeking to withdraw his guilty plea. The District Court denied his request after an evidentiary hearing, and Perez appealed. We will affirm.

Once the District Court has accepted a guilty plea, it "may not automatically be withdrawn at the defendant's whim." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001) (citing United States v. Martinez, 785 F.2d 111 (3d Cir. 1986)). The Court must instead determine whether the defendant has "a fair and just reason for withdrawing a plea of guilty," Fed. R. Crim. P. 32(e), considering the following three factors:

(1) whether the defendant asserts his innocence;
(2) whether the government would be prejudiced by the withdrawal; and
(3) the strength of the defendant's reason to withdraw the plea.

Id. (citing United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989)). The burden is on the defendant to assert his innocence and reason to withdraw the plea. If he fails to do so, the government need not establish prejudice. United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Brown, 250 F.3d at 815 (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992) (superseded by statute on other grounds)). The District Court's "decision not to grant

A-2

such a motion will only be disturbed if the court has abused its discretion." United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998).

The District Court did not abuse its discretion when it determined that the Defendant did not provide any "fair and just reasons" for withdrawing his guilty plea. First, the Defendant never maintained his innocence, even at the evidentiary hearing regarding his plea withdrawal request. There, when asked whether he "in fact, commit[ted] each and every one of the robberies that [he] pled guilty to," he answered, "Yes, I admitted to the ones that you had witnesses for, the people that testified here in the trial." (App. 169; see also Appellant Br. at 13.) Second, the Defendant did not provide a "fair and just" reason for his withdrawal request. Instead, his assertion that he did not understand his plea because it was in English is belied by his competent representation by a bilingual attorney and the presence of a Spanish interpreter throughout the plea colloquy. Perez's claim that he was "pressured" to plead guilty because he was told that he would otherwise face life imprisonment is negated by clear case law that "fear of substantial sentence" does not provide grounds to withdraw a plea, see Jones, 979 F.2d at 318. Finally, the Government would suffer prejudice if the Defendant were allowed to withdraw the plea he made mid-trial, as it would require the Government to duplicate its previous efforts if required to bring the case to trial before a new jury.

The District Court was within its discretion when it denied the Defendant's request to withdraw his plea of guilty, and this Court will affirm.