NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1293
_____

UNITED STATES OF AMERICA

v.

SALAHUDIN SHAHEED,
Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-15-cr-00187-002
District Judge: The Honorable Harvey Bartle, III

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 24, 2017

Before: SMITH, Chief Judge, McKEE, and RENDELL, Circuit Judges

(Filed:  May 5, 2017)
_____

OPINION*
_____


SMITH, Chief Judge

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

The defendant, Salahudin Shaheed, appeals the denial of his motion to withdraw his guilty plea. Shaheed pled guilty at the beginning of his trial shortly after the second of his two codefendants pled guilty. He pled guilty to one count each of (1) conspiracy to commit Hobbs Act robbery, (2) attempted Hobbs Act robbery, and (3) federal kidnapping. More than two months after he pled guilty, but before his sentencing, Shaheed filed a pro se motion to withdraw his guilty plea. The District Court appointed new counsel for Shaheed and held a two-day evidentiary hearing on his motion. Following the hearing, the District Court denied the motion. Shortly thereafter, the District Court sentenced Shaheed to 240 months' imprisonment on the first two counts and 365 months' imprisonment on the third count, each sentence to be served concurrently. Because Shaheed has failed to sufficiently demonstrate entitlement to withdrawal of his guilty plea, we will affirm.

I

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). We

2

review the District Court's findings of fact related to the motion for clear error. *See United States v. Martinez*, 785 F.2d 111, 113 n.1 (3d Cir. 1986).

II

"[W]ithdrawal of a guilty plea is not an absolute right," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005), and so a "defendant is not entitled to withdraw [a] plea simply at his whim," *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). Rather, under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The defendant has the burden of showing a fair and just reason for withdrawal of his guilty plea, and that burden is "substantial." *Jones*, 336 F.3d at 252. To determine whether a defendant has made that requisite showing, a district court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.*

Shaheed directs his arguments at each of those three factors. First, as to his innocence, he claims he asserted and has demonstrated his innocence. Second, regarding the strength of his reasons for withdrawing his plea, Shaheed argues that

3

his trial counsel misled him into believing he could raise disputed factual matters at his sentencing; he was under duress when he pled guilty because he lacked glasses; his trial counsel told him that his mother wanted him to plead guilty; and someone had threatened his sister that she would be killed if he did not plead guilty. Third, as to prejudice, Shaheed contends that the Government has not shown it would be prejudiced by the plea withdrawal. Those arguments fail to make an adequate showing that Shaheed should have been permitted to withdraw his guilty plea.

*First*, Shaheed "did not meaningfully reassert his innocence" after pleading guilty. *Id.* at 253. "Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." *Id.* at 252; *see also United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense." (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998))). In his initial motion to withdraw his plea, Shaheed made no assertion of innocence. Only after reviewing the Government's response to his motion, in which the Government noted that Shaheed failed to reassert innocence, did Shaheed claim his innocence. Shaheed now argues that the lack of DNA or fingerprint evidence demonstrates his innocence. He also points out that none of the victim's descriptions of the

4

perpetrators resembled him. The lack of DNA or fingerprint evidence does not meaningfully suggest Shaheed's innocence; many criminal cases have no such evidence. Nor does the misdescription of the perpetrators meaningfully support Shaheed's assertion of innocence, given that the victim was bound and blindfolded and her assailants wore masks. Shaheed also faced significant evidence of guilt, including his purchase of the Taser that was used on the victim and inculpating testimony from at least one of his codefendants who had already pled guilty. Shaheed says nothing to cast doubt on this substantial evidence. We therefore conclude that Shaheed failed to demonstrate that the first *Jones* factor supports his motion. *See Martinez*, 785 F.2d at 113 n.1 (noting that the "weight of a defendant's assertions . . . are preeminently issues for the hearing Court to decide" (alteration in original) (quoting *Gov't of V.I. v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980))).

*Second*, Shaheed's reasons for withdrawing his plea are unpersuasive. He makes four arguments as to this second *Jones* factor.

He first contends that his trial counsel told him that he would be able to raise disputed matters at his sentencing hearing. The District Court did not clearly err in rejecting that contention. Trial counsel was an experienced federal criminal attorney. When directly asked by the District Court at the withdrawal motion

5

hearing whether he ever advised Shaheed that "he was to defer any objections or any comments with respect to the guilty plea until right before sentencing," Shaheed's trial counsel adamantly responded that he had not and recalled explaining to Shaheed that there "was no going back" if he pled guilty. JA506. Shaheed points to nothing in the record to undermine that assertion, and the District Court consequently made no clear error in crediting trial counsel's testimony.

Shaheed next claims that he did not have his glasses to read his guilty plea and that his trial counsel spoke too softly to him when reading him the plea. Shaheed, though, did not raise these issues before the District Court at his plea colloquy. The District Court specifically asked Shaheed whether he understood the guilty plea document, and he said that he did. Moreover, his trial counsel testified that, when he read Shaheed the guilty plea, Shaheed heard him and understood what he was saying. The District Court did not find Shaheed's assertion to the contrary to be credible. The District Court did not err.

Shaheed also asserts that his trial counsel told him that his mother wanted him to plead guilty when she purportedly did not. Trial counsel, however, received a text message from Shaheed's mother the night before Shaheed pled guilty stating that she had spoken with Shaheed and that he should "take" the

6

guilty plea. JA228. And even if his mother did not want him to plead guilty, it cannot be ignored that Shaheed was thirty-four years old at the time of the plea, is intelligent, and was a business owner. He cannot blame his mother's wishes, whether genuine or not, for his decision to plead guilty. This is hardly the stuff of genuine duress.

Finally, Shaheed argues that his sister was threatened that she would be killed if he did not plead guilty. The District Court concluded that no threat occurred, and, even if it did, it did not influence Shaheed's decision. The circumstances surrounding the threat support the District Court's conclusion about the veracity of Shaheed's claim. Shaheed did not explain why anyone would make such a threat. The first threat, which allegedly occurred a day before Shaheed pled guilty, was not reported to police until almost a week after Shaheed had pled guilty, and the purported police report concerning the threat was never submitted into evidence. Shaheed's sister refused to cooperate with the FBI in investigating the alleged threat. She also claimed that she received a second threat *after* Shaheed had already pled guilty, undermining the claimed reason for the supposed threat. For his own part, Shaheed never told his trial counsel about the threat. Shaheed also failed to satisfactorily explain why he explicitly stated at his change of plea hearing that no one made a threat to induce him to plead if this threat did

7

actually occur.  *See Siddons*, 660 F.3d at 703 ("[A] defendant must also 'give sufficient reasons to explain why contradictory positions were taken before the district court.'" (quoting *Jones*, 336 F.3d at 253)).  Even if the threat before Shaheed pled guilty occurred, Shaheed claims that his mother's whispered statement in court, telling him no more than "somebody has threatened [your sister] over this," put him under such duress that he pled guilty the next day.  JA254.  Yet, despite having the opportunity to follow up with his mother the night she told him of the threat, he and his mother made no mention of the threat during their multiple telephone conversations.  Thus, given his complete lack of knowledge about the circumstances of the threat, the record fails to show that any purported threat influenced Shaheed to plead guilty to multiple federal crimes.  The District Court therefore did not err in rejecting Shaheed's argument that a threat to his sister caused him to plead guilty.

*Third*, contrary to Shaheed's assertion, the District Court correctly found that the Government would be prejudiced by the withdrawal of his guilty plea.  *See Jones*, 336 F.3d at 252 (stating that the third factor in assessing a guilty plea withdrawal is the Government's prejudice but noting that "the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea").  In particular, the Government "would

8

have an extremely difficult task to call [the victim] as a witness without causing her a severe emotional setback, even assuming that she would be able to testify." JA18.  The District Court found that the victim, who had been "beaten, bound, gagged, . . . blindfolded," and "subject to the use of a Taser," had been attempting to "put her life together" following Shaheed's guilty plea.  *Id.*  The Government would, of course, also have to arrange again for other civilian and law enforcement witnesses after already making those preparations once.  Under these circumstances, we cannot say that the District Court's finding of prejudice is clearly erroneous.

III

For the reasons stated above, we will affirm the District Court's denial of Shaheed's motion to withdraw his guilty plea.