**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3104

_____

UNITED STATES OF AMERICA

v.

ARMAND JOSEPH,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  2-13-cr-00627-001)
District Court Judge:  Honorable Susan D. Wigenton

Submitted under Third Circuit L.A.R. 34.1(a)
on July 9, 2019

(Opinion filed: September 6, 2019)

Before:  McKEE, ROTH and RENDELL, Circuit Judges

## O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Armand Joseph, appellant, pled guilty to conspiracy to commit theft of government property by fraud and was sentenced to 24 months' imprisonment. On appeal, he urges that: (1) the District Court erred in denying his application to withdraw his guilty plea; and (2) his sentence is procedurally and substantively unreasonable because the District Court refused to grant him a four-level minimal role guidelines reduction and failed to properly consider the § 3553(a) factors. We will affirm the District Court's sentence.

### I

Armand Joseph was a clerk at ABC Check Cashing ("ABC"), when an unidentified man came into the ABC with fraudulent federal income tax refund checks. Joseph agreed to cash 34 checks without verifying that the presenter was the payee in exchange for payments of roughly $100 a check. To hide what he had done, Joseph recorded the transactions under the accounts of valid ABC customers. Joseph was eventually charged with conspiracy to commit theft of government property by fraud.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph eventually entered into a plea agreement, in exchange for certain factual stipulations: that (1) Joseph cashed nearly 250,000 dollars of federal income tax refund checks, (2) Joseph gave the money from the checks to an individual who was not the legal beneficiary of the checks in exchange for at least 100 dollars per check, and (3) Joseph was a minimal participant in the scheme. The agreement also contained a section acknowledging that the sentencing court has the discretion to disregard the stipulations in the agreement if they differ from its own factual findings. Following the plea, the government recommended a sentence of 24 months' imprisonment.

In response to the government's sentence recommendation, Joseph moved for an order allowing him to withdraw his guilty plea and proceed to trial. He claimed that he was innocent and that he had only pled guilty because the government led him to believe he would not serve any time in jail. The District Court denied the motion, stating that Joseph had previously asserted his guilt several times under oath. The Court further concluded that his apprehensions over the government's sentence recommendation is not a sufficient reason to withdraw his plea. The District Court also concluded that allowing the case to go to trial would prejudice the government because years had passed since the offense and the ABC closed during that time.

The Probation Office prepared an initial Presentence Investigation Report ("PSR") that incorrectly calculated Joseph's base offense level as eighteen. Before the sentencing date, the Probation Office revised the PSR to correctly calculate Joseph's base offense level as sixteen. The revised PSR recommended that Joseph not receive any mitigating

role reduction. The PSR recommended an advisory guidelines range of 24 to 30 months' imprisonment.

At sentencing, Joseph argued that he was entitled to a four-level minimal role reduction. Joseph argued that he had an insignificant role in the crime and that the parties had stipulated that his role in the crime was minimal. The District Court stated that Joseph was only entitled to a two-level minor role reduction because a four-level reduction is used for people who are "duped into being a part of a scheme" and have "no idea what has happened." App. 78-79. The District Court concluded that a two-level minor role reduction was proper because Joseph assisted in the crime but was not so involved as to necessitate no deduction. The District Court sentenced Joseph to 24 months' imprisonment in accordance with the calculated Guidelines. This appeal followed.

II

Joseph appeals both the District Court's denial of his motion to withdraw his plea and the sentence the District Court imposed. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over the challenge to the conviction pursuant to 18 U.S.C. § 1291. We have jurisdiction over the challenge to the sentence under 18 U.S.C. § 3742(a). We review the denial of the motion to his withdraw guilty pleas under an abuse of discretion standard. *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). We review the District Court's sentencing decision under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

4

## A

To sustain a motion to withdraw a guilty plea, a district court examines "(1) whether the defendant asserts his innocence, (2) the strength of the defendant's reasons for withdrawing the plea, and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). Change of mind or fear of punishment are not adequate reasons to withdraw a plea. *Id*. The burden of proof is on the defendant to show that a motion to withdraw a guilty plea is proper. *Id*. Joseph argues that the District Court abused its discretion in denying his motion.

Joseph first argues that he has maintained innocence throughout the proceedings because he lacked the requisite *mens rea* to be guilty of conspiracy to defraud the government. He points to his refusal to label his actions as "fraud" as proof of this. Joseph admitted under oath, however, that he cashed the checks with full knowledge that they did not belong to the person cashing them. He further admitted that he knew both that the checks were payable by the United States Department of the Treasury and that what he was doing was unlawful. At no point does Joseph attempt to reconcile these admissions with his claim of innocence. Joseph's refusal to label his actions as "fraud" does not change the fact that he admitted to knowingly defrauding the government.

Joseph also argues that he provided a strong reason warranting withdrawing his plea. He claims that the government failed to live up to its promise when it recommended 24 months' imprisonment. However, the plea agreement never made any representations about the government's recommended sentence. The agreement explicitly stated that the

5

District Court has the sole discretion to impose the sentence. Furthermore, Joseph's fear of punishment after the government made its recommendation is not an acceptable reason to withdraw his guilty plea. *Id.*

Joseph finally argues that the government would not be prejudiced by his plea withdrawal. He argues that the government would not have trouble marshalling the small number of witnesses or the evidence needed to conduct a trial. The government need not prove prejudice when the defense has failed to establish sufficient grounds for withdrawing a guilty plea. *See United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986). Even so, the District Court did not abuse its discretion when it concluded that the government would be prejudiced because the events occurred ten-years ago and ABC has since closed. Thus, the District Court did not err when it denied Joseph's motion to withdraw his guilty plea.

B

When reviewing sentencing decisions, we first examine whether the District Court committed any significant procedural errors. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *Tomko*, 562 F.3d at 567 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence in light of the "totality of the circumstances." *Tomko*, 562 F.3d at 567.

6

Joseph argues that the District Court erred by improperly calculating the Guidelines and by failing to adequately consider the § 3553(a) factors. He argues that this procedural error led the District Court to impose a substantively unreasonable sentence.

Joseph claims that the District Court rejected the stipulated four-level minimal role reduction because it misinterpreted U.S.S.G. § 3B1.2 and failed to apply the factors enumerated therein. He relies mainly on the Court's comment that a four-level minimal role is "almost as if somebody has no idea what has happened" and has essentially "been duped into being a part of a scheme." App. 78. But, Joseph's complaints here are ill-founded, as the context of these remarks suggest the District Court properly applied the guidelines in its calculation. First, following the remark on "duped" defendants, the District Court stated, "Mr. Joseph went to the extent of putting the names of [other customers] on these checks . . . to basically avoid detection or any questions, so it wasn't quite as innocent as . . . him not having any idea." App. 78-9. Second, the District Court properly examined the degree to which the defendant understood the scope of the plan, his autonomy to make decisions, what his actual role was, and the degree to which he benefitted from the scam.

Even so, the District Court also deviated from the PSR's recommendation not to provide any role reduction. App. 79 ("[T]he presentence report really accurately calculates him, that he shouldn't be given any benefit. But because I know that there was a negotiated plea . . . the fair assessment of what Mr. Joseph did would qualify for a minor role adjustment."). As a result, the District court properly considered Joseph's

7

involvement in the conspiracy and did not abuse its discretion when it imposed a two-level minor role reduction.

Joseph further argues that the District Court abused its discretion by not adhering to the stipulations agreed upon in the plea agreement.[1] But a "sentencing court is not bound by factual stipulations in a plea agreement and has discretion to make factual findings[.]" *United States v. Maurer*, 639 F.3d 72, 81 (3d Cir. 2011) (quoting *United States v. Ketcham*, 80 F.3d 789, 792 n.6 (3d Cir. 1996)). And the plea agreement here, states that the agreement "cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties." Appellee Br. 4. The District Court was therefore within its discretion to reject the stipulated facts and grant Joseph a minor participant reduction based on its own independent findings.

Joseph's argument that the District Court failed to consider the § 3553(a) factors is also erroneous. His argument appears to be tethered to the claim that the District Court did not appropriately consider the history of the defendant and the nature of his crime. However, the Court did consider Joseph's history carefully and considered additional facts that the defense failed to acknowledge, such as the fact that Joseph deliberately tried

---

[1] Joseph also argues that the government breached the plea agreement by defending on appeal the District Court's rejection of the minimal role reduction. The agreement clearly states "[i]f the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal . . . that the sentencing court was within its discretion and authority to do so." Supp. App. 3. Even so, the government can defend a District Court's denial of a stipulated sentencing adjustment on appeal. *See United States v. Griswold*, 57 F.3d 291, 298-99 (3d Cir. 1995).

to conceal his wrongdoing. App. 78-9. ("It clearly indicates that Mr. Joseph went to the extent of putting the names of the people on these checks o[f] prior customers of the check cashing business to basically avoid any detection[.]"). After considering both Joseph's history and the nature of the crime, the Court described at length the specific societal and individual needs met by the sentence. App. 79-84 ("I then turn to the 3553(a) factors, try to determine what sentence will be sufficient but not greater than necessary to reflect the seriousness [of the crime], to promote respect for the law[, and] provide just punishment for what occurred."). The record shows that the District Court carefully considered all of the § 3553(a) factors when sentencing Joseph. Thus, Joseph's claims relating to the procedural reasonableness of his sentence fail.[2]

## III

For the aforementioned reasons, we will affirm the sentencing order of the District Court.

---

[2] Because Joseph's argument about the substantive reasonableness of the sentence relied entirely on a finding that the District Court procedurally erred in calculating the Guidelines and erred in considering the § 3553(a) factors, the sentence imposed was also substantively reasonable.