NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1911
_____

UNITED STATES OF AMERICA

v.

CRAIG ALEX LEVIN,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00728-001)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 17, 2024
_____

Before:  RESTREPO, PHIPPS, and McKEE, *Circuit Judges*

(Filed:  September 20, 2024)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

   After being indicted on sixteen counts related to his decades of travel to the

Philippines to engage in illicit sexual conduct with minor girls, Craig Levin, a sixty-six-

year-old retired schoolteacher, pleaded guilty to six of those charges in District Court.[1] *See*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Those six counts, as charged in the superseding indictment, were foreign travel to engage in sexual conduct with a minor in violation of 18 U.S.C. § 2423(b) and (f) (Counts 6 and 9); attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), 1594, and 1596(a)(1) (Count 11); distribution of child sexual abuse materials in violation

18 U.S.C. §§ 3231 (conferring original jurisdiction on district courts for "all offenses against the laws of the United States"), 1596(a)(1) (conferring additional extra-territorial jurisdiction on United States courts over any offense under § 1591 if the alleged offender is a United States national).  Before entering that plea, he met with federal prosecutors twice to make proffer statements.  After those meetings, Levin switched counsel and signed a written plea agreement, which the District Court accepted after a colloquy.

Five months later, while represented by his third attorney of record, Levin moved to withdraw his guilty plea on the grounds that his two prior attorneys provided ineffective assistance of counsel with respect to his proffer statements and the plea agreement.  After a hearing, the District Court denied that motion and sentenced Levin to 420 months' imprisonment and lifetime supervised release.[2]

Levin timely appealed, bringing the matter within this Court's appellate jurisdiction. *See* Fed. R. App. P. 4(b)(1)(A); 28 U.S.C. § 1291.  He now disputes the District Court's denial of his motion to withdraw his guilty plea.  On abuse-of-discretion review, *see United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005), we will affirm that ruling for the reasons below.

Under the Federal Rules of Criminal Procedure, before sentencing, a criminal defendant may seek to withdraw a guilty plea by demonstrating "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. James*,

---

of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts 13 and 14); and transportation of child sexual abuse materials in violation of 18 U.S.C. § 2252(a)(1) and (b) (Count 16).

[2] The District Court also ordered Levin to pay a $600 special assessment, $30,000 in restitution split between six victims, $3,000 in additional assessments pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, *see* 18 U.S.C. § 2259A, and another $30,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015, *see id.* § 3014.  Finally, the District Court ordered Levin to comply with the requirements of the Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901–02, 20911–15, 20918–32, 20941–45, 20961–62; 18 U.S.C. § 2250.

928 F.3d 247, 253 (3d Cir. 2019) ("The burden of demonstrating [a fair and just reason] 'is substantial' and 'falls on the defendant[.]'" (last alteration in original) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003))). That analysis is guided by two or potentially three factors: (i) the defendant's assertion, or not, of innocence; (ii) the strength of the defendant's reasons for requesting to withdraw the plea; and, if the defendant demonstrates that either of the first two factors favors withdrawal, then (iii) the prejudice to the Government. *See Wilson*, 429 F.3d at 458; *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986) ("The Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a plea." (cleaned up) (citation omitted)).

## A. Assertion of Innocence

Levin offered no credible evidence to support his claim of innocence. It is well established that "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw [a] guilty plea." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001). And with nothing more than such an assertion, Levin has not made the requisite showing under this factor.

## B. Strength of Rationale for Withdrawal

Levin sought to withdraw his plea based on a claim of ineffective assistance of his first two attorneys, which he argued illegitimized his guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (explaining that a defendant may in some circumstances "attack the voluntary and intelligent character of the guilty plea" based on ineffective assistance of counsel (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))). To sustain such a claim, Levin had to prove for at least one of those attorneys that the "advice was under all the circumstances unreasonable under prevailing professional norms," *Jones*, 336 F.3d at

3

253, and "that he suffered sufficient prejudice from his counsel's errors," *id.* at 254 (internal quotation marks and citations omitted). Levin did not make the first showing with respect to either of his prior attorneys.

Levin's first attorney, Richard Maurer, did not perform deficiently by allowing him to engage in proffer sessions with the Government. At the hearing on Levin's withdrawal motion, Maurer testified that he met with Levin repeatedly to discuss the Government's extensive evidence. That evidence included notebooks in which Levin rated the victims based on their sexual interactions with him, appearances, and ages. Also, there were Facebook messages in which Levin made "disturbing, graphic references to sex with underage girls." Mot. Hr'g Tr. 163:23 (Feb. 2, 2023) (App. 278). Despite acknowledging the weight of the evidence against him, Levin asked Maurer to arrange a proffer session with the Government. Maurer reviewed a sample proffer letter with him and explained the risks involved, including that Levin would lose the ability to contradict anything he said in a proffer at trial. Still, on Levin's insistence, Maurer arranged two proffer sessions. In those meetings, Levin admitted to having sex with underage girls in the Philippines, traveling there with that purpose, and knowing it was wrong to take advantage of their socioeconomic status but doing it anyway. On that evidence, it was not an abuse of discretion for the District Court to conclude that Maurer's actions did not provide a basis for withdrawing the plea.

Levin's second attorney, Luis Ortiz, likewise did not perform deficiently. Levin alleged that Ortiz failed to obtain relevant discovery, primarily affidavits in which three victims purported to recant their earlier videotaped statements to police. But at the hearing, Ortiz testified that he obtained those affidavits well in advance of the plea and fully discussed their contents with Levin. Nor was Ortiz's performance deficient with respect

to his advice that Levin plead guilty. Ortiz had good reason to doubt the veracity of those affidavits: he had confirmed with the Government that at least two of those witnesses had visas and were prepared to testify at trial consistent with their original statements to police, not their alleged recantations.

Similarly, Ortiz explained that Levin's alibis were not credible. For instance, Levin's assertion that he resided in the Philippines and traveled there to visit his residence, not to have sex with minors, was contradicted by a deed to a house he owned in Pennsylvania and an active Pennsylvania driver's license, as well as internet and travel records. And even on its face, that assertion would not have helped Levin because, as Ortiz explained, the Government would have to prove not that Levin's sole purpose of travel was to have sex with minors but only that it was one of his motivating purposes. *See, e.g.*, *United States v. Schneider*, 801 F.3d 186, 194 (3d Cir. 2015) ("[S]exual contact with the victim need not be [the defendant's] only or most important purpose for a jury to convict him of violating § 2423(b)."). After remarking that "it is inconceivable that this affirmative defense would have succeeded at trial[,]" *United States v. Levin*, 2023 WL 2290255, at *4 (E.D. Pa. Feb. 28, 2023), the District Court determined that Ortiz's performance was not deficient, *see id.* at *5. Accordingly, it was not an abuse of discretion to deny Levin's motion to withdraw his guilty plea on that ground.[3]

* * *

For these reasons, we will affirm the judgment of the District Court.

---

[3] Because Levin failed to satisfy either of the first two factors, it is not necessary to address the third: prejudice to the Government. *See Martinez*, 785 F.2d at 116.